U.S. Bank N.A. v Hall-Davis (2024 NY Slip Op 05572)

U.S. Bank N.A. v Hall-Davis

2024 NY Slip Op 05572

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2022-04648
 (Index No. 607343/17)

[*1]U.S. Bank National Association, etc., respondent,
v
Lisa Hall-Davis, etc., appellant, et al., defendants.

Grausso & Foy, LLP, Bohemia, NY (Edmond R. Foy of counsel), for appellant.
McCalla Raymer Labert Pierce, LLC, New York, NY (Phionah N. Brown of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Lisa Hall-Davis appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated May 6, 2022. The order, insofar as appealed from, denied that branch of that defendant's motion which was for leave to renew her prior motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her, which had been denied in an order of the same court dated October 2, 2017, and that branch of her prior cross-motion which was for summary judgment dismissing the complaint insofar as asserted against her as time-barred, which had been denied in an order of the same court dated October 2, 2019.
ORDERED that the order dated May 6, 2022, is affirmed insofar as appealed from, with costs.
In 2005, the defendant Lisa Hall-Davis (hereinafter the defendant) executed a note in the amount of $365,500, which was secured by a mortgage on certain real property located in Suffolk County. In 2007, an action was commenced against the defendant, among others, to foreclose the mortgage (hereinafter the 2007 foreclosure action). In an order dated November 21, 2012, the Supreme Court directed dismissal of the 2007 foreclosure action.
In 2017, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. In an order dated October 2, 2017, the Supreme Court, inter alia, denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her. Thereafter, the defendant interposed an answer.
Subsequently, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, and the defendant cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against her as time-barred. In an order dated October 2, 2019, the Supreme Court, among other things, denied that branch of the defendant's cross-motion.
Thereafter, the defendant moved, inter alia, for leave to renew her prior motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her and that branch [*2]of her prior cross-motion which was for summary judgment dismissing the complaint insofar as asserted against her as time-barred. In an order dated May 6, 2022, the Supreme Court, among other things, denied that branch of the motion which was for leave to renew. The defendant appeals.
"[A] motion for leave to renew must demonstrate that there has been a change in the law that would change the prior determination" (Pryce v Nationstar Mtge., LLC, 224 AD3d 857, 858; see CPLR 2221[e][2]). "A clarification of the decisional law is a sufficient change in the law to support renewal" (Pryce v Nationstar Mtge., LLC, 224 AD3d at 858-859 [internal quotation marks omitted]). Here, the defendant failed to demonstrate such a change in the law. Instead, the defendant merely pointed to case law in which the courts applied established law (see Sharan v Christiana Trust, 219 AD3d 1549, 1551).
The defendant's contention that she presented new facts in support of that branch of her motion which was for leave to renew is improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for leave to renew her prior motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her and that branch of her prior cross-motion which was for summary judgment dismissing the complaint insofar as asserted against her as time-barred.
BRATHWAITE NELSON, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court